No. 15-17382

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

AMANDA FRLEKIN, TAYLOR KALIN, AARON GREGOROFF, SETH
DOWLING and DEBRA SPEICHER,
on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants.

v.

APPLE, INC.,

Defendant-Appellee.

On Appeal from a Judgment of the United States District Court For
The Northern District of California, Hon. William Alsup
No. C 13-03451 WHA (Lead)
No. C 13-04727 WHA (Consolidated)

---

## DEFENDANT-APPELLEE'S BRIEF

---

Richard H. Rahm (Bar No. 130728)
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:     415.433.1940

Julie A. Dunne (Bar No. 160544)
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101
Telephone:     619.232.0441

Attorneys for Defendant-Appellee
APPLE INC.

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Under Federal Rule of Appellate Procedure 26.1, the undersigned counsel for Defendant-Appellee Apple Inc. state there are no publicly-held corporations that own over ten percent or more of Apple Inc.'s stock.

Dated: September 26, 2016

/s/ Richard H. Rahm
RICHARD H. RAHM
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

Attorneys for Defendant-Appellee
APPLE INC.

TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION ........................................................................1

II.   STATEMENT OF JURISDICTION ...........................................5

III.  ISSUES PRESENTED FOR REVIEW .......................................6

IV.   STATEMENT OF THE CASE ....................................................7

    A.   Apple Allowed Class Members To Bring Bags And Personal
         Apple Technology Into The Store Provided They Participated
         In A Bag And Personal Apple Technology Check When They
         Left. ...............................................................................................7

    B.   Plaintiffs Agreed To Litigate Their Claims Based On The
         Stipulated Facts That Every Class Member Voluntarily Brought
         Bags And Personal Apple Technology To Work Purely For
         Their Own Personal Convenience.....................................................10

    C.   The Parties Filed Cross Motions For Summary Judgment After
         The Close Of The Class Certification Opt-Out Period, And The
         District Court Granted Judgment To Apple. ....................................14

V.    SUMMARY OF ARGUMENT..................................................17

VI.   AN ORDER GRANTING SUMMARY JUDGMENT IS REVIEWED
      *DE NOVO.* ...............................................................................19

VII.  THE DISTRICT COURT'S DECISION SHOULD BE AFFIRMED.........19

    A.   The District Court's Decision Should Be Affirmed Because
         Class Members Were Free To Choose Whether To Subject
         Themselves To Bag Or Technology Checks And, Therefore,
         Cannot Satisfy The "Subject To The Control" Test. ........................19

i.

TABLE OF CONTENTS

(CONTINUED)

PAGE(S)

1. California State And Federal Courts All Confirm That Both "Required" And "Control" Elements Must Be Present To Constitute "Hours Worked" Under The "Subject To The Control Of The Employer" Test. .................21

    a. *Morillion* Held That An Employee Is "Subject To The Control Of The Employer" Only During "Required" Activities. ...................................................21

    b. The Court Of Appeal In *Overton* Followed *Morillion* In Holding "Choice" Negated The "Require" Element Of The "Subject To The Control Of The Employer" Test. ...................................30

    c. This Court Followed *Morillion* in *Rutti, Alcantar*, and *Stevens* In Holding "Choice" Precluded Time From Being "Hours Worked" Under The "Subject To The Control" Test. ...................................34

    d. District Courts Have Also Held That, Under *Morillion*, The "Subject To The Control" Test Cannot Be Satisfied If Employees May "Choose" Whether To Subject Themselves To An Activity. ........38

2. The *Morillion* Framework Is Not Limited To "Commute" Cases. ...................................................42

3. The Stipulated Facts Preclude Plaintiffs From Satisfying The "Required" Element. ........................................44

B. The District Court's Decision Should Be Affirmed Because Bag And Technology Check Time Does Not Constitute "Work" Under The "Suffered Or Permitted To Work" Test. ..........................45

ii.

# TABLE OF CONTENTS

(CONTINUED)

PAGE(S)

1.    Plaintiffs' Submission To Bag And Technology Checks Does Not Constitute "Hours Worked" Under The "Suffered Or Permitted To Work" Test Because It Is Not "Work." .................................................................................46

2.    Each Of Plaintiffs' Arguments Under The "Suffered Or Permitted" Test Must Fail As A Matter Of Law. ...................49

     a.    Participating In Checks Does Not Constitute "Work" Because They Are Not Related To Plaintiffs' Duties, Regardless Of Any "Benefits" To Apple. .....................................................................49

     b.    Plaintiffs' Other Arguments Concerning The "Suffered Or Permitted" Test Must Also Fail. .............55

C.    The California Supreme Court Has Already Definitively Ruled On The Issues Before This Court. ....................................................57

VIII.  CONCLUSION..............................................................................59

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Alcantar v. Hobart Service,*
    800 F. 3d 1047 (9th Cir. 2015) ..................................................passim

*Alexander v. FedEx Ground Package Sys.*,
    765 F. 3d 981 (9th Cir. 2014) ............................................................18

*Amalgamated Transit Union, Local 1589 v. Long Beach Pub. Trans. Co.,*
    2009 Cal. App. Unpub. LEXIS 3669 (Cal. App. May 11, 2009), ....................58

*Cervantez v. Celestica Corp.*,
    618 F. Supp. 2d 1208 (C.D. Cal. 2009) ...........................................38, 39, 43, 45

*Fields v. Legacy Health System*,
    413 F. 3d 493 (9th Cir. 2005) .........................................................55

*Local 144 Nursing Home Pension Fund v. Demisay,*
    508 U.S. 581 (1993)......................................................................37

*Northwest Environmental Defense Ctr. v. Brown,*
    617 F. 3d 1176 (9th Cir. 2010) ........................................................19

*Novoa v. Charter Communications, LLC*,
    100 F. Supp. 3d 1013, 1016 (E.D. Cal. 2015) .....................................40

*Rutti v. Lojack Corporation, Inc.*,
    596 F. 3d 1046 (9th Cir. 2010) ....................................................34, 35

*Scott-George v. PVH Corp.*,
    2016 U.S. Dist. LEXIS 96208 (E.D. Cal. Jul 22, 2016).............................41, 43

TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Stevens v. GCS Service, Inc.*,
   281 Fed. Appx. 670 (9th Cir. 2008)............................................................passim

*Sullivan v. Kelly Services, Inc.*,
   2009 U.S. Dist. LEXIS 96544 (N.D. Cal. Oct. 16, 2009) ...............48, 53, 54, 55

*United States v. Pinjuv*,
   218 F. 3d 1125 (9th Cir. 2000) ........................................................................37

*Vega,*
   36 F. 3d at 423.  ...............................................................................passim

*Watterson v. Garfield Beach CVS LLC,*
   120 F. Supp. 3d 1003, 1006 (N.D. Cal. 2015)............................................42, 43

*Watterson v. Garfield Beach
   CVS LLC*, 2015 U.S. Dist. LEXIS 106233 (N.D. Cal. Aug. 12, 2015)........48, 52

CALIFORNIA CASES

*Ghazaryan v. Diva Limousine,*
   169 Cal. App. 4th 1524 (2008) ....................................................................52, 53

*Martinez v. Combs*,
   49 Cal. 4th 35 (2010) ......................................................................45, 53, 55, 56

*Mendiola v. CPS Security Solutions, Inc.*,
   60 Cal. 4th 833 (2015) ................................................................................50, 51

*Morillion v. Royal Packing Co.*,
   22 Cal. 4th 575 (2000) ...............................................................................passim

# TABLE OF AUTHORITIES
(CONTINUED)

**Page(s)**

*Overton v. Walt Disney Co.*,
  136 Cal. App. 4th 263 (2006) ....................................................................passim

## FEDERAL STATUTES

28 U.S.C.
  § 1291 .............................................................................................................6
  § 1332(d)(2)(A) ..............................................................................................5

## CALIFORNIA STATUTES

 Cal. Admin. Code Title 8
  § 11040(2)(K), ) .............................................................................................6
  § 11070 ..........................................................................................................45
  § 11070(2)(G) .............................................................................................6, 21
  § 11181, subd. (f)(1), (2) ...............................................................................28

## OTHER AUTHORITE4S

Fed. R. App. P.
  4(a)(1)(A) ........................................................................................................6
  32(a)(5) ...........................................................................................................2
  32(a)(6) ...........................................................................................................2
  32(a)(7)(B) ......................................................................................................2
  32(a)(7)(B)(iii) ................................................................................................2
  32(a)(7)(C) ......................................................................................................2

Wage Order 7 ........................................................................................passim

Wage Order 4 ....................................................................................................6

Wage Order 14 ................................................................................................21

viii.

## I.    INTRODUCTION

The district court concluded that because there was no dispute that class members were free to choose whether to subject themselves to bag and personal Apple technology checks, time spent waiting for and participating in the checks did not constitute compensable "hours worked" as a matter of law. Plaintiffs contend the district court misunderstood and misapplied the tests for "hours worked" under California law.   Plaintiffs are wrong.

Under Apple's policy, employees were subject to checks *only if they chose* to bring bags and personal Apple technology into Apple stores.   Plaintiffs agreed at the class certification hearing they would litigate this claim on behalf of the class based on the premise that anyone who brought a bag and/or personal Apple technology to work "has *no real need* to do that and it's [] *completely voluntary*." *See* SER 36:5-22.  Likewise, through the class notice process, class members agreed to litigate their claims based on the stipulated facts that they brought bags and personal Apple technology to work "*voluntarily*" and "*purely* for personal convenience." *See* SER 5.  To ensure absolute clarity on the issue, the class notice expanded on the meaning of "purely for personal convenience," stating that litigation of the claim would presume *that no class member was required* to bring a bag or personal Apple technology to work *for any reason*, including

1.

Apple's direction, the nature of their work, or the "necessities of life." *See id.* These stipulated facts confirm that any time these class members spent waiting for and participating in checks could not constitute "hours worked" under California law because those activities were not required by Apple and therefore could not constitute "work."

Subsection 2(G) of Wage Order 7 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." The California Supreme Court has held the two phrases – "time during which an employee is subject to the control of an employer" and "time the employee is suffered or permitted to work, whether or not required to do so" – should be interpreted as independent factors, each defining whether time spent performing a particular activity constitutes "hours worked." *See Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 580 (2000).

Plaintiffs argue that the "subject to the control" test requires only a showing of "control," and that "[n]either *Morillion,* nor any other decision cited by the district court, holds that the 'control' test comprises two elements ('required' and 'controlled')." O.B. 3. Plaintiffs' statement is nothing less than incredible. California law is unequivocal that for an activity to constitute "hours worked"

2.

under the "subject to the control of an employer" test it must be both "required" and "controlled" by the employer.

In fact, the California Supreme Court in *Morillion* specifically held no less than *eight times* that both a "required" element and a "control" element must be present to constitute "hours worked." *See, e.g., Morillion*, 22 Cal. 4th at 594 ("As we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the fields, subjecting them to its control for purposes of the "hours worked" definition." [emphasis in original]). The California Court of Appeal, the Ninth Circuit, and California district courts have also consistently followed and applied the *Morillion* holding ever since. *See, e.g., Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263, 271 (2006) (applying *Morillion*, "the key factor is whether Disney *required* its employees who were assigned parking in the Katella lot to park there and take the shuttle" [emphasis in original]); *Alcantar v. Hobart Service,* 800 F. 3d 1047, 1054-55 (9th Cir. 2015) (following *Morillion*, the plaintiff "must prove not only that Hobart's restrictions on him during his commute in Hobart's vehicle are such that he is under Hobart's *control*, but also that . . . employees are . . . *required* to commute in Hobart's vehicles" [emphasis supplied]).

Here, Plaintiffs and class members agreed to litigate their claim under the stipulated facts that class members were *not required* to bring bags and

3.

personal Apple technology to work, and instead were *free to choose* "*voluntarily*" and "*purely* for personal convenience" whether to bring bags and personal Apple technology to work. Because they *chose* whether to engage in the behavior that subjected them to checks, they could not prove that time spent waiting for and participating in the checks satisfies the "required" prong of the "subject to the employer's control" test for determining whether time constitutes "hours worked."

Plaintiffs argue, in the alternative, that time spent waiting for and participating in a bag and/or personal Apple technology check constitutes "hours worked" under the "suffered or permitted to work" test. The "suffered or permitted to work" test seeks to capture time when an "employee is *working* but is *not subject to an employer's control*." *See Morillion*, 22 Cal. 4th at 584-85 (emphasis supplied). Plaintiffs ignore that for an activity to be deemed "hours worked" under the "suffered or permitted to work" test, the activity must be "work" to begin with, *i.e.*, it must be an activity that the employer normally "required" and "controlled," such as the tasks the employer hires employees to perform. *See id.* Here, again, the facts of this case – agreed to by Plaintiffs and the class members who did not opt-out – are that Apple employees were not required for any reason (including by Apple, the nature of their work, or "life necessities") to bring bags or personal Apple technology into the stores.

4.

Accordingly, any class member's decision to bring bags or personal Apple technology into the store, and to thereby subject themselves to checks, was voluntary, purely for his or her own personal convenience and was not required. Further, the purpose of class members' employment was to work in a retail store servicing Apple's customers, not to bring bags or personal technology to work or to have those items checked. This reality is confirmed by the fact that some class members reported for work without bags or personal Apple technology, and they were fully capable of performing their jobs. Based on these facts, any time that class members spent participating in bag and technology checks could not constitute "hours worked" under the "suffered or permitted to work" standard as a matter of law.

The law regarding what constitutes "hours worked" under the California Wage Orders is – and for roughly 16 years has been – well-settled, and there is accordingly no legal reason to certify the questions presented by Plaintiffs' appeal to the California Supreme Court. This Court should not disturb the district court's decision.

## II.    STATEMENT OF JURISDICTION

The district court had diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). This Court has appellate jurisdiction

5.

under 28 U.S.C. § 1291 as this appeal is taken from a final judgment entered by the district court on November 7, 2015 regarding the parties' cross-motions for summary judgment. Plaintiffs timely filed their notice of appeal on December 3, 2015. *See* Fed. R. App. P. 4(a)(1)(A).

## III. ISSUES PRESENTED FOR REVIEW

(1)   Under the "subject to the control of an employer" test for "hours worked," under Subsection 2(G) of Wage Order 7, must an employee demonstrate the employer "required" the employee to engage in the activity, in addition to "controlling" the employee in that activity?[1]

(2)   Under the "subject to the control of an employer" test, under Subsection 2(G) of Wage Order 7, does time spent waiting for and participating in bag or personal Apple technology checked constitute "hours worked" if the employee brought the bag or personal Apple technology into the workplace voluntarily and purely for the employee's own personal convenience?

(3)   Under the "suffered or permitted to work" test, under Subsection 2(G) of Wage Order 7, does time an employee *voluntarily* spends participating in bag and technology checks "*purely* for personal convenience"

---

[1] Plaintiffs contend they are covered by Wage Order 4, and not Wage Order 7, but agree both Wage Orders have the same definition for "hours worked." *See* Cal. Code Regs. tit. 8, § 11040(2)(K), § 11070(2)(G); O.B. 7.

constitute "work"?

(4)    Does the "suffered or permitted to work" test for "hours worked," under Subsection 2(G) of Wage Order 7, require employees to demonstrate the time they spend performing an activity is related to their (or any other employee's) job duties to constitute "work"?

## IV.    STATEMENT OF THE CASE

### A.    Apple Allowed Class Members To Bring Bags And Personal Apple Technology Into The Store Provided They Participated In A Bag And Personal Apple Technology Check When They Left.

Defendant-Appellee Apple Inc. ("Apple") is a leading innovator of technology, and it operates retail stores in California (among other locations) that display and sell Apple products.   Apple did not require class members (retail employees who worked for Apple from July 25, 2009 to September 3, 2015) to bring bags or personal Apple technology to work, as evidenced by the fact that class members who did not bring bags or personal Apple technology were able to fully perform their jobs.  *See* SER 45:7-9, 20-21; 54-68.  If class members chose to bring a bag or personal Apple technology into the store, those items were subject to checks by either a manager or security guard when class members left the store. *See* ER 5:5-6:1.  Non-Apple technology, such as an Amazon Kindle or a Samsung phone, was not subject to check.   Bag checks generally consisted of a visual

7.

inspection of the inside of a class member's bag or pat down of the bag. Technology checks generally consisted of a comparison of the serial number on a class member's technology card with the serial number on his or her personal Apple technology. *See* ER 5:27-6:1.

Plaintiffs-Appellants ("Plaintiffs"), former Apple retail employees, filed a class action in July 2013 against Apple claiming the time spent participating in bag and personal Apple technology checks, including any time waiting for such checks, constituted "hours worked" under California law. *See* ER 4:23-5:2. Plaintiffs sought to represent a class comprising "current or former hourly-paid and non-exempt employee[s] of Apple Inc. who worked at one or more Apple California retail stores from July 25, 2009 to the present." *See id.* Plaintiffs alleged various California Labor Code claims based on their contention that time spent in bag and technology checks constitutes "hours worked." *See id.* at 581-601.

On April 20, 2014, before Plaintiffs moved for class certification, Apple moved for summary judgment against all individually-named plaintiffs for all claims. *See* ER 7:1-7. Apple argued that under California law, employee "choice" is the dispositive factor in determining whether an activity counts as "hours worked." If employees may, through their own choices, avoid an activity,

8.

the activity is not "hours worked" as a matter of law because the activity is not required. Apple argued that its employees could choose to not bring a bag or personal Apple technology to work, which would have allowed them to avoid the activity (a bag or technology check) for which they sought compensation. *See* SER 43:18-44:18; 46:3-47:2. As a result, time spent in those checks was not "hours worked," and could not support their claim for wages.

The district court agreed with Apple that "choice" plays a role in determining whether activities constitute "hours worked," but it noted that in those cases holding "choice" to be critical, the "choice" was "driven by personal convenience, not by the necessities of life." SER 40:14-25. The district court expressed concern that the checks here may not have been voluntary for those "employees [who] may need to bring a bag to work for reasons they cannot control, such as the need for medication, feminine hygiene products, or disability accommodations." *See id*. Because the facts were unclear concerning putative class members' reasons for bringing bags or personal Apple technology to work, the district court denied Apple's pre-certification motion for summary judgment, and it gave the parties additional time to do more discovery. *See id*. at 8:25-28.

9.

**B.      Plaintiffs Agreed To Litigate Their Claims Based On The Stipulated Facts That Every Class Member Voluntarily Brought Bags And Personal Apple Technology To Work Purely For Their Own Personal Convenience.**

Plaintiffs subsequently moved to certify the class.  At the hearing, Apple argued that the district court should deny class certification because, among other things, there was no common evidence regarding whether employees brought bags to work for personal convenience or for a life necessity.  *See* SER 27:16-29:10.  Plaintiffs responded that "under California law these necessities of life are not relevant" because when "somebody gets into a bag check, they are under control of the employer *whether or not it's required*."  SER 30:8-19 (emphasis supplied).  Under Plaintiffs' conception of their own case, if an employee brought a duffle bag or suitcase to the store, any time spent participating in a check of that duffle bag or suitcase would be "hours worked."  *See* SER 31:17-32:1.  Based on Plaintiffs' statement of their own claim, the district court clarified the claim Plaintiffs sought to certify:

> **THE COURT:**  [C]ounsel is now saying that we should have a trial that's limited to . . . the broader issue of whether subjecting anybody who goes through that test to – is that compensable or not, and without regard of what they've got in their bag.  And maybe the answer turns out to be it's not compensable.
>
> **[PLAINTIFFS' COUNSEL]:**  Right.

10.

. . .

**THE COURT:** [The trial] would be across the board, either yes or no, and I wouldn't be – I wouldn't be trying to adjudicate those intermediate cases, which we don't even know we got a class representative who fits the category.

**[PLAINTIFFS' COUNSEL]:** We would say, Your Honor, if you would certify a class based upon the issue, the common issue of whether standing in checks if you bring a bag is compensable under California law, we would be amenable to certifying the class on that basis, with the other common questions, so we're not doing this on a piecemeal basis.

**THE COURT:** It would be across the board, yes or no, and I would not be identifying sub people like necessities of life situations. *It would be – it would just be the bozo who wants to bring a big backpack full of playing cards to work and has no real need to do that and it's [] completely voluntary on their part, and they are going to be subject to a check.*

**[PLAINTIFFS' COUNSEL]:** Understood.

. . .

**[APPLE'S COUNSEL]:** And so is it clear, Your Honor, then that they will not be arguing that employees had to bring a bag by a necessity of life, that they will not claim it was –

**THE COURT:** That would be irrelevant under the theory of liability. It would be across the board, up or down, yes or no. Necessities of life don't matter. Now, if that's going to change – they're saying no over there.

**[PLAINTIFFS' COUNSEL]:** We're saying no, your Honor.

11.

> **THE COURT:** So I –
>
> **[PLAINTIFFS' COUNSEL]:** Your Honor, we think that's the law, and we think we can prove that that's the law.

SER 33:4-12; 36:5-22; 38:5-12 (emphasis supplied). *See also id.* at 33:4-34:12; 37:9-22.

After the class certification hearing, the parties submitted two additional rounds of briefing, in which Plaintiffs argued that "certifying the liability issue of whether Apple's bag check policy violates California's control test for all class members, *regardless of the reasons why they brought a bag to work*, will allow the Court to conclusively determine the central issue in this case." *See* SER 25:10-13 (emphasis added). Based on this record, the district court certified the class "to adjudicate whether or not Apple had to compensate its employees for time spent waiting for bag searches to be completed '*based on the most common scenario, that is, an employee who voluntarily brought a bag to work purely for personal convenience*.'" *See* ER 7:18-22 (emphasis supplied). In that regard, the court ordered the parties to disseminate a class notice that informed putative class members:

> In an Order dated July 16, 2015 (the "Order"), the Court ruled that the Action may proceed as a class action on behalf of Apple Employees (the "Class"). Plaintiffs have received the Court's approval to proceed with their

12.

claims only on the theory that Apple must compensate Apple Employees whenever they go through Checks *regardless of why they bring bags or their owned Apple technology to work*.  Thus:

> THE CLASS WILL LITIGATE THIS CASE EXCLUSIVELY ON THE THEORY THAT ALL CLASS MEMBERS *VOLUNTARILY* CHOSE TO BRING BAGS AND/OR PERSONAL APPLE TECHNOLOGY TO WORK *PURELY FOR PERSONAL CONVENIENCE*.

SER 5 (italics supplied).  The class notice also told class members what could be contended in the action:

> PLAINTIFFS, ON BEHALF OF THE CLASS, ***WILL NOT CONTEND*** THAT ANY CLASS MEMBERS WERE REQUIRED TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK *FOR ANY REASON WHATSOEVER*.  FOR EXAMPLE, PLAINTIFFS ***WILL NOT CONTEND*** THAT: *APPLE REQUIRED CLASS MEMBERS TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK; THAT THE NATURE OF THE WORK REQUIRED CLASS MEMBERS TO BRING BAGS OR PERSONAL APPLE TECHNOLOGY TO WORK; OR THAT A NECESSITY OF LIFE REQUIRED CLASS MEMBERS TO BRING A BAG OR PERSONAL APPLE TECHNOLOGY TO WORK*.

*Id.* (bold in original; italics supplied).  The notice further stated that unless a class member opted out, he or she would be bound to litigate based on the above facts:

> **IF YOU DO NOT INTERVENE IN THIS ACTION OR EXCLUDE YOURSELF FROM IT, *YOU WILL BE FOREVER BARRED FROM SUING APPLE FOR***

13.

> *COMPENSATION FOR TIME SPENT IN CHECKS
> BASED ON A THEORY THAT YOU WERE
> REQUIRED, FOR ANY REASON WHATSOEVER,
> TO BRING A BAG OR PERSONAL APPLE
> TECHNOLOGY TO WORK.*

*Id.* (emphasis in original; italics supplied).

Finally, the district court covered all bases by requiring the class notice to inform class members they could file a complaint in intervention if they wished to litigate a claim they were "required" to bring a bag or personal Apple technology to work for some reason. *See* SER 6-7. *See also* SER 23:9-21 ("With respect to those employees who wish to also litigate special needs for a bag at work, the class notice will invite them to intervene (or opt out if they prefer)."). As the district court's order granting judgment for Apple noted, not a single class member filed a complaint in intervention. *See* ER 7:24-25, 10:27-28, 14:10-13, 17:7-9, 18:22-27.

### C. The Parties Filed Cross Motions For Summary Judgment After The Close Of The Class Certification Opt-Out Period, And The District Court Granted Judgment To Apple.

The class certification order provided that each side could move for summary judgment "on the generic issue." *See* SER 23:14-15.

> This is because the case will now be litigated without regard to any individualized reasons for bringing a bag, which was not the case in Apple's prior motion. The

14.

motion *should be directed only to the main issue of compensability under California law.*

*Id.* at 16-18. The parties filed cross motions for summary judgment on October 1, 2015. *See* ER 7:22-25.

Apple primarily relied in its motion on the California Supreme Court's ruling in *Morillion* and the California Court of Appeal's decision in *Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263 (2006). These cases hold that the "subject to the control of an employer" test for "hours worked" has two elements: (1) the employer must *require* the employee to engage in an activity; and (2) the employer must exert actual *control* over the employee while engaging in the required activity. *See* SER 16:24-21:22.

Applying the "subject to the control" test to the two facts agreed to by Plaintiffs regarding why class members brought a bag or personal Apple technology to work ("voluntary" and "purely for personal convenience"), Apple argued that, regardless of whatever control it asserted over the class members during the checks, Plaintiffs and the class could not meet the "required" test because Apple did not require them to bring bags or personal Apple technology to work, and thus did not require them to participate in checks. Because class members voluntarily "chose" to participate in bag and technology checks by voluntarily choosing to bring bags and personal Apple technology to work for their

15.

personal convenience, time spent participating in bag and technology checks did not constitute "hours worked."  *See* SER 16:24-21:22.

Plaintiffs opposed Apple's motion, arguing that the "subject to the control" test requires only a demonstration of "control" over the activity for time spent performing the activity to count as "hours worked."  Plaintiffs further argued that Apple's formulation (that an activity does not constitute work if an employee could avoid it) was "an entirely new theory" of law.  *See* SER 4:8-5:15.  Finally, Plaintiffs argued that check time is compensable because it constitutes "work" under the "suffered or permitted to work" test."  *See* SER 14:17-22.  Apple argued that the "suffered or permitted to work" test is intended to address off-the-clock claims or where an individual performs work without actually being hired.  Nor does participation in a bag or technology check constitute "work" insofar as this is not a duty for which Apple hires employees, particularly when they are not required to bring bags or personal Apple technology to the store.  *See* ER 19:14-20:12.

A hearing on the cross motions for summary judgment was held on November 4, 2015, the day after the deadline for class members to opt out or intervene.  *See* ER 23; SER 7.  The district court issued its order granting Apple's motion for summary judgment on November 7, 2015.  In its decision, the district

16.

court held that for time to count as "hours worked" under the "subject to control of an employer" test, Plaintiffs must demonstrate both a "required" element and a "control" element. Because Plaintiffs could choose, voluntarily and purely for their own personal convenience, whether to bring a bag or personal Apple technology to work, and thus whether to subject themselves to checks, Plaintiffs could not establish the "required" element. *See* ER 8:5-18:27. The district court also held that the "suffered or permitted to work" language in the Wage Order was inapplicable to bag and personal Apple technology checks because these checks had no relationship to class members' job responsibilities and could not be categorized as "work." *See* ER 19:1-21:15.

## V.  SUMMARY OF ARGUMENT

Decisions from the California Supreme Court, the California Court of Appeal, and this Court have consistently held that time spent performing an activity constitutes "hours worked" under the "subject to the control of an employer" test *only if* the employee proves *both* that he or she was "required" to engage in a particular activity, and that the activity was "controlled" by his employer. Here, Plaintiffs could not prove that Apple required them to bring bags or personal Apple technology to work, and therefore, that Apple required them to participate in checks. To the contrary, Plaintiffs and class members expressly

17.

agreed that they "voluntarily" brought bags or personal Apple technology to work "purely for personal convenience." Because Plaintiffs could not prove that participation in bag and technology checks was required by Apple, they could not satisfy the "subject to the employer's control" test for "hours worked." The district court's decision should therefore be affirmed.

The "suffered or permitted to work" test was developed to compensate employees who performed uncompensated *work* with their employer's knowledge. Participation in bag and technology checks was not "work" for the reasons explained above, *i.e.,* Apple employed no class member for the purpose of participating in bag and technology checks; Apple did not require employees to bring bags or personal Apple technology; employees who chose not to bring bags or personal Apple technology to work could fully perform their jobs; participation in such checks was entirely peripheral to Apple's employees' duties, because employees decided in their sole discretion, and for their own personal convenience, whether to bring the bags or personal Apple technology that led to the checks. The district court correctly found that participating in checks did not constitute "work" under the "suffer and permit" standard, and its summary judgment order should be affirmed.

The California Supreme Court has already definitively decided the

18.

issues before this Court. There is accordingly no legal reason to refer these issues to the California Supreme Court.

## VI. AN ORDER GRANTING SUMMARY JUDGMENT IS REVIEWED *DE NOVO.*

An appeal of a district court's order granting of summary judgment is reviewed *de novo*, viewing the facts in the light most favorable to the non-moving party. *See Alexander v. FedEx Ground Package Sys.*, 765 F. 3d 981, 987 (9th Cir. 2014). Summary judgment must be affirmed when there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. *See Alcantar v. Hobart Service*, 800 F. 3d 1047, 1051 (9th Cir. 2015). An appellate court may affirm the granting of summary judgment on any ground with support in the record, whether or not relied upon by the lower court. *See Northwest Environmental Defense Ctr. v. Brown*, 617 F. 3d 1176, 1192 (9th Cir. 2010) (discretion to "affirm on any ground").

## VII. THE DISTRICT COURT'S DECISION SHOULD BE AFFIRMED.

### A. The District Court's Decision Should Be Affirmed Because Class Members Were Free To Choose Whether To Subject Themselves To Bag Or Technology Checks And, Therefore, Cannot Satisfy The "Subject To The Control" Test.

The district court held that California law requires an employee to demonstrate that an activity is "required" and "controlled" to constitute "hours

worked" under the "subject to the control of an employer" test. *See* ER 8:14-22. This formulation of the "subject to the control" test is based on the California Supreme Court's decision in *Morillion*, as well as the logic of the Wage Order itself. Moreover, this Court in *Alcantar* (as well as others), the California Court of Appeal in *Overton*, and several California district courts have consistently followed this formulation of the test. The district court here applied the *Morillion* test and found that time spent participating in bag and personal Apple technology checks did not constitute "hours worked" because, under the stipulated facts, Plaintiffs could avoid the bag and technology check simply by not choosing to bring a bag or personal Apple technology to the store. *See* ER 18:25-27.

On appeal, Plaintiffs, relying on the same cases as the district court, argue: (1) the "plain language" of the Wage Orders shows that an employer's "control" over an activity alone is sufficient to render the activity "hours worked"; (2) the case law "provides no case support" for a "required" element; (3) principles drawn from "commute" cases like *Morillion* are not applicable to bag-check cases; and (4) Plaintiffs, in any event, satisfy both the "required" and "control" elements. In each of their four arguments, Plaintiffs either ignore the actual language of the Wage Order or ignore the actual holding of each case on which they rely.

20.

    **1.**    **California State And Federal Courts All Confirm That Both "Required" And "Control" Elements Must Be Present To Constitute "Hours Worked" Under The "Subject To The Control Of The Employer" Test.**

        **a.**    ***Morillion* Held That An Employee Is "Subject To The Control Of The Employer" Only During "Required" Activities.**

Subsection 2(G) of Wage Order 7 defines "hours worked" as "the time during which an employee is *subject to the control of an employer,* and includes all the time the employees is *suffered or permitted to work*, whether or not required to do so." Cal. Code Regs. tit. 8, § 11070(2)(G) (emphasis supplied). The California Supreme Court in *Morillion* held that "the two phrases – 'time during which an employee is subject to the control of an employer' and 'time the employee is suffered or permitted to work, whether or not required to do so' (*ibid.*) – can also be interpreted as independent factors, each of which defines whether certain time spent is compensable as 'hours worked.'" *See Morillion*, 22 Cal. 4th at 582.

In *Morillion*, the employer required its agricultural employees to report at certain locations at certain times, where they were required to take the employer's buses to the worksite, and then return on the same buses at the end of the workday. The issue before the California Supreme Court in *Morillion* was

21.

whether the time spent traveling on the employer's buses constituted "hours worked" under the "subject to the control of an employer" test of the governing Wage Order.[2]  The California Supreme Court held that two elements must be present – the activity must be "required" and the employer must exert "control" over the employee in that activity.  *See Morillion*, 22 Cal. 4th at 587.

Plaintiffs argue the district court was wrong to interpret *Morillion* as requiring both a "required" element and a "control" element for an activity to be considered "hours worked" under the "subject to the control of an employer" test because "*Morillion* does not say this" and "the case law provides no support" for such a conclusion.  O.B. 29.  Plaintiffs' assertions are not credible given the *eight* times *Morillion* held that both "required" and "control" must be present for an activity to constitute "hours worked."

- "When an employer *requires* its employees to meet at designated places to take its buses to work and prohibits them from taking

---

[2] Wage Order 14, which was the applicable Wage Order in *Morillion*, contains an identical definition of "hours worked" as Wage Order 7, which applies in this case.  Both Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  *See* Cal. Cod Regs., tit. 8, § 11140(2)(G) (applying to agricultural workers); Cal. Code Regs. tit. 8, § 11070(2)(G) (applying to mercantile workers).

their own transportation, these employees are 'subject to the *control* of an employer' . . ." *See Morillon*, 22 Cal. 4th at 587 (emphasis supplied).

- "Royal *required* plaintiffs to meet at the departure points at a certain time to ride its buses to work," and by directing and commanding "plaintiffs to travel between the designated departure points and the fields on its buses, Royal "'*control[led]*' them within the meeting of 'hours worked' under subdivision 2(G)." *Id.* (emphasis supplied).

- "Time employees spend traveling on transportation that an employer provides but does not *require* its employees to use may not be compensable as 'hours worked.'" *Id.* at 588 (emphasis supplied).

- "[B]y *requiring* employees to take certain transportation to a work site, employers thereby subject those employees to its *control* by determining when, where, and how they are to travel." *Id.* (emphasis supplied).

- "[W]e find the fact that the *Vega* employees were free to choose – rather than *required* – to ride their employer's buses to and from work, a dispositive, distinguishing fact." *Id.* at 589 (emphasis supplied).

- "As we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the fields, subjecting them to its *control*

23.

for purposes of the 'hours worked' definition." *Id.* at 594 (second emphasis supplied)

- The *Morillion* court held that regular "commute time" was not compensable because, although the employer "*requires*" the employee to commute to work, "the level of *control*" exercised by the employer was insufficiently low. *See id.* at 586.

- "The level of the employer's *control* over its employees, rather than the mere fact that the employer *requires* the employees' activity is determinative." *See id.* at 587.

The *Morillion* court also mentioned "required" six additional times in the other cases it discussed.[3]

_____

[3] *See, e.g., Morillion*, 22 Cal. 4th at 580, fn. 3 (if employees are not allowed to drive to the worksite, and therefore must take their employer's bus, "the time they are *required* to be at the point to catch the bus is the beginning of their hours worked"), 580 ("[a]lthough plaintiffs were *required* to travel on Royal's buses and thus were arguably 'subject to the control of an employer'"), 580 ("because plaintiffs did not work as that term is 'commonly understood,' during the *required* transport"), 583 ("two part analysis" of compensable meal breaks because employer's "*requirements*" and whether employees were "*substantially restricted,*" *i.e.,* controlled, during the time), 583 (when employees "*required* to remain on the work premises" combined with employer directing, commanding or restraining employees from leaving the worksite, "that employee remains subject to the employer's *control*"), and 583 ("the time an employer *required* personal attendant employees to spend at its premises" was found to "subject [them] to the *control* of an employer") (emphasis supplied).

Nevertheless, contrary to all of the citations discussed above, Plaintiffs argue that the *Morillon* court confirmed that "control" is the *only* element of the "subject to the control" test because at one point the decision states: "Under California law it is only necessary that the worker be subject to the 'control of the employer' in order to be entitled to compensation." O.B. 30; *Morillon,* 22 Cal. 4th at 584. Plaintiffs' citation, which is divorced from its context, *i.e.,* holding that the "suffered or permitted to work" test was separate from the "subject to the control of an employer" test, provides no support for their claim that "control" is the only relevant element. *See Morillon*, 22 Cal. 4th at 584-586.

The California Supreme Court, in concluding that time spent on Royal's buses constituted "hours worked," held that Royal's policy *required* its employees to meet at certain places at certain times and to take its buses to the fields, and it exerted *control* over the employees engaging in the activity by determining when, where, and how they were to travel. *See Morillon*, 22 Cal. 4th at 587-588.

Conversely, in its discussion of *Vega*, the California Supreme Court considered a situation where the "control" element was present but the "require" element did not exist. *See Morillon*, 22 Cal. 4th at 589. *Vega* concerned farm laborers who furnished their own transportation from Juarez, Mexico, to El Paso,

25.

Texas. *See Vega,* 36 F. 3d at 423. The California Supreme Court in *Morillion* found *Vega* "to be consistent with our opinion" because the employees in *Vega* "'were *not required* to use [defendant's] buses to get to work in the morning," but instead "chose . . . how to get to and from work.'" *Morillion*, 22 Cal. 4th at 589, fn. 5 (emphasis supplied). The California Supreme Court found the time traveling in the buses in *Vega* should not count as "hours worked" because the employees in that case "*were free to choose – rather than required* – to ride their employer's buses to and from work, [which is] a *dispositive, distinguishing fact* [from the facts in *Morillion*]." *Id.* (emphasis supplied). The California Supreme Court provided other examples where an activity may not constitute "hours worked" because it did not meet both elements, like if an employer requires its employees to be groomed, but the employer does not control when, where or how the grooming occurs, or if an employer requires its employees to commute to work, but the employer does not control when, where, and how employees must travel. *See Morillion*, 22 Cal. 4th at 586-587.

The California Supreme Court concluded its opinion in *Morillion* by providing an example of when the employees' ability to choose to engage in an activity would defeat the "required" element of the "subject to the control" test, such that the time would not count as "hours worked." The court stated that, "[i]n

26.

deciding Royal must compensate plaintiffs for this [travel and waiting] time, we nonetheless remain optimistic that employers will not be discouraged from providing free transportation as a service to their employees." *Morillion*, 22 Cal. 4th at 594.

> As we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the fields, subjecting them to its control for the 'hours worked' definition. However, employers may provide *optional* free transportation to employees without having to pay them for their travel time, as long as employers do not *require* employees to use this transportation.

*Id.* (first emphasis in original, second and third emphasis added). Again, although the employer would be "controlling" the employees who took the buses (*i.e.,* the employees could not attend to the personal activities they could attend to if they were using their own transportation), the fact that these employees could choose whether to take the buses confirmed the time would not count as "hours worked."

Plaintiffs repeatedly argue throughout their brief that the "plain language" of the Wage Order "requires only 'control' – not mandatory or 'required' activity." *See* O.B. 3, 4, 23-26, 28, 31, 33, 39, 42. To this end, Plaintiffs claim that the present Wage Order's use of "control" replaced "required" in the pre-1947 Wage Order, and therefore "required" is no longer a part of the test. *See* O.B. 25. First, the Wage Order does not simply provide that "hours

27.

worked" is any time an employer "controls" an employee – it also contains the phrase "subject to," which means the activity must be "required" by the employer. *See, e.g., Morillion*, 22 Cal. 4th at 586-87. Second, the 1947 Wage Order did not just replace "control" for "required" in the pre-1947 Wage Order but changed the entire definition of "hours worked."[4] *See id.* at 591 ("Before June 1947, California's definition of "hours worked" was entitled "Hours Employed" in most wage orders and was defined differently."). Third, the *Morillion* court applied the 1947 Wage Order definition of "hours worked." In doing so, the California Supreme Court repeatedly confirmed an activity must be both "required" and "controlled" before time would be considered "hours worked" under the "subject to the control of an employer" test. Finally, the *Morillion* court specifically rejected the premise that control alone could render an activity "hours worked" under that test. *See, e.g., Morillion*, 22 Cal. 4th at 588 ("Time employees spend traveling on transportation that an employer provides but does not require its employees to use may not be compensable as 'hours worked.'").

---

[4] The full text of pre-1947 provision is: "'Hours Employed' means all time during which: [P] (1) An employee is required to be on the employer's premises or to be on duty, or to be at a prescribed work place; or [P] (2) An employee is suffered or permitted to work whether or not required to do so. Such time includes, but shall not be limited to, waiting time." Cal. Admin. Code tit. 8 § 11181, subd. (f)(1), (2).

28.

Moreover, to argue that the "subject to the control of an employer" test requires only the element of "control," Plaintiffs must not only ignore the California Supreme Court's analysis of "required" and "control" elements throughout *Morillion*, they must also ignore common sense. At the hearing on their motion for class certification, Plaintiffs argued that if an employee brought anything into the workplace – even, as the district court suggested, duffle bags, suitcases or "the bozo who wants to bring a big backpack full of playing cards to work and has no real need to that" – any time spent checking those items would constitute "hours worked" because the employer is exerting "control" over the employee when the employee is in the check itself. *See* SER 31:6-32:1; 36:5-22. Under Plaintiffs' formulation of the law, employees could control whether and how much to be paid for participating in checks, simply by choosing what items to bring to work voluntarily, and purely for their own personal convenience, when those items have nothing to do with their duties. It is illogical that an employer would have to pay someone who made the independent choice to bring a 10-piece set of luggage for the time spent undergoing a bag check. And if Plaintiffs' view were correct, it would encourage employers like Apple to simply prohibit employees from bringing any bags or personal technology items to work at all. This Court should not adopt a construction of California law that would lead to

29.

arbitrary windfalls and less employee freedom.

> **b.** **The Court Of Appeal In *Overton* Followed *Morillion* In Holding "Choice" Negated The "Require" Element Of The "Subject To The Control Of The Employer" Test.**

The California Court of Appeal followed *Morillion* and applied the two-part "subject to the control" test to a factually-reversed situation. *See Overton*, 136 Cal. App. 4th at 271. There, Disney originally required certain employees to enter its park through the Harbor Pointe entrance, and required those Harbor Point employees who drove to work to park in a lot that was directly across the street from the Harbor Pointe entrance. After Disney built the California Adventure theme park on the lot across the street from the Harbor Pointe entrance, Disney required the Harbor Pointe employees who drove to work to park in the Katella lot, which was one mile away from their designated park entrance. Disney provided a free shuttle from the Katella lot to the Harbor Pointe entrance. *See Overton*, 136 Cal. App. 4th at 266.

The plaintiff alleged that after he was assigned to park in the Katella lot, he was required to arrive "substantially earlier" to park in the Katella lot and to wait for and ride the shuttle to the park entrance in order to arrive on time for work. *Id*. The plaintiff alleged he was entitled to compensation for this time, and

sought to bring a class action on behalf of all hourly employees "who have been *required* . . . to report for work at various locations designated by [Disney], including, but not limited to the Katella . . . [l]ot . . . and who thereafter were required to travel on vehicles *controlled* by [Disney] to and from their place of assignment, and who were not compensated by [Disney] for the time spent in such travel." *Id.* at 266-267 (emphasis supplied).

*Overton* focused its analysis on *Morillion*, including the distinction the California Supreme Court made between the facts before it ("requiring employees to take certain transportation to a work site") and those in *Vega* ("the fact that the *Vega* employees were free to choose – rather than required – to ride their employer's buses"). *See Overton*, 136 Cal. App. 4th at 270. The Court of Appeal concluded that, based on the analysis in *Morillion*, "the key factor [in *Overton*] is whether Disney *required* its employees who were assigned parking in the Katella lot to park there and take the shuttle." *Id.* at 271 (emphasis in original).

The Court of Appeal found the Disney employees "were free to choose forms of transportation that bypassed the Katella lot entirely," that "Plaintiff *concedes* that 10 percent of Disney employees (including employees assigned to the Katella lot) did not drive their cars to Disney at all, and were permitted to use alternative transportation," that they "were not *required* to drive to

31.

work; nor is there any indication Disney employees understood that driving to work was mandatory," and that Disney "*allows its employees to choose* whether to take the shuttle, whether to arrange transportation directly to Harbor Pointe, and (if taking the shuttle) which shuttle to take[.]" *Id. at* 271-74 (emphasis in original). The court concluded that, "quite obviously," Disney did not "require[] its employees who were assigned parking in the Katella lot to park there and take the shuttle." *Id.* at 271. Because Disney's employees were not required to drive to work, and thus were not required to either park in the remote lot or ride the shuttle, the court found the plaintiff could not satisfy the "require" element of the "subject to the employer's control" test, and therefore the "shuttle time was not compensable." *See id.*

Plaintiffs contend that "*Overton* did not involve activity that was 'controlled' but not 'required,'" but instead was "*neither* 'controlled' *nor* 'required'" because the employees could choose whether to drive to work, and if they did, could also choose not to take the shuttle. *See* O.B. 33. Plaintiffs misunderstand *Overton* and the element of "control" in the "subject to the control of an employer" test for hours worked.

As the California Supreme Court explained in *Morillion*, when employees must take a bus to the worksite, they are "controlled" insofar as they

32.

cannot do such things as run personal errands when confined to the bus. *See Morillion*, 22 Cal. 4th 586-87. Contrary to Plaintiffs' assertion, Disney employees who took a tram to the worksite were in fact "controlled."

The critical difference between the workers in *Morillion* and those in *Overton* is that the workers in *Overton* (like those in *Vega*) *were not required* to park in the remote lot (or to ride the shuttle) because they were not required to drive to work in the first place. The employees in *Overton* voluntarily consented or submitted to Disney's "control" over them during the shuttle ride in exchange for the benefit of being able to drive to work, park in Disney's lot, and ride Disney's shuttle to the worksite. *See Overton,* 136 Cal. App. 4th at 271 (emphasizing that the "key factor is whether Disney *required* its employees . . . to take the shuttle").

Here, as in *Overton*, Apple neither prohibits nor requires its employees to bring bags or personal Apple technology to the workplace. However, if an employee accepts the benefit of bringing bags or personal Apple technology into the workplace – purely for personal convenience – the employee voluntarily submits to the "control" of Apple during a bag and technology check. And under the framework applied in *Morillion* and *Overton*, the time an employee spends having his or her bags and personal Apple technology checked does not

33.

constitute "hours worked" because employees were not "required" by Apple to engage in the behavior that gave rise to the check (bringing a bag or personal Apple technology to work). By their own concession, class members in this case did so voluntarily and purely for their own personal convenience.

<div style="margin-left: 2em;">

**c. This Court Followed *Morillion* in *Rutti, Alcantar*, and *Stevens* In Holding "Choice" Precluded Time From Being "Hours Worked" Under The "Subject To The Control" Test.**

</div>

This Court has followed the *Morillion* court's "require" and "control" analysis numerous times. For instance, in *Rutti v. Lojack Corporation, Inc.*, 596 F. 3d 1046, 1061-62 (9th Cir. 2010), this Court applied the *Morillion* "subject to the control" test to technicians who installed and repaired vehicle recovery systems, and who had to travel to the job sites in a company-owned vehicle. Similar to the employees in *Morillion*, the *Rutti* plaintiff was "*required* to drive the company vehicle, could *not* stop off for personal errands, could *not* take passengers, was required to drive the vehicle *directly* from home to his job and back, and could *not* use his cell phone while driving except that he *had* to keep his phone on to answer calls from the company dispatcher." *Id.* at 1062 (emphasis in original). This Court concluded that "[t]here is simply no denying that Rutti was under Lojack's control while driving the Lojack vehicle en route to the first Lojack job of the day and on

his way home at the end of his day." *Id.* The "relevant question under California law" was whether plaintiff was "'subject to the *control* of an employer' during his *mandatory* travel time." *Id.* (emphasis added). The Court concluded that both the "required" and "control" elements were present in the "subject to the control" test:

> A straightforward application of *Morillion* easily answers that question in the affirmative. Rutti was *required* not only to drive the Lojack vehicle to and from the job site, but was *forbidden* from attending to any personal business along the way. Because he was obviously under the employer's *control* he was, under California law, entitled to be paid.

*Id.* (emphasis supplied).

In *Alcantar*, 800 F. 3d at 1049, this Court considered a somewhat similar situation where a service technician for a food equipment company claimed that driving the company's service vehicle from his home so restricted his commute that the commuting time should count as "hours worked." In analyzing the claim, this Court applied the analysis in *Morillion*, directly addressing the "required" and "control" elements:

> Therefore, to prevail [the employee] must prove not only that [the employer's] restrictions on him during his commute in [the employer's] vehicle are such that he is under [the employer's] *control*, *but also that*, despite [the employer's] profession that use of its vehicles is voluntary, *employees are, as a practical matter, required* to commute in [the employer's] vehicles.

35.

*Id.* at 1054-55 (emphasis supplied). "Control" by itself could not establish "hours worked"; employees had to also show they were "required" to engage in an activity where the employer could exercise its control over them. The *Alcantar* plaintiff argued that although there was no official policy that employees had to take company vehicles home, "in reality" the circumstances required employees to do so. *See id.* at 1055. Because this Court found there was a dispute of fact regarding whether the employee was, as a practical matter, required to commute in the employer's service vehicle, summary judgment was overturned. *See id.* at 1055-57.

Plaintiffs argue the district court erred in following this Court's binding decision in *Alcantar* and its application of the "require" and "control" elements of the "subject to the control" test because the appellate briefs in *Alcantar* supposedly "did not argue that the district court misconstrued *Overton,* or that it erred by holding that 'required' and 'controlled' were dual elements of compensable time." *See* O.B. 39-40. First, this Court relied on *Morillion*, not *Overton*, in formulating the legal principles quoted above in *Alcantar*. *See Alcantar*, 800 F. 3d 1054-55. Given the California Supreme Court's holding in *Morillion,* it would hardly make sense for the parties to challenge the two-element requirement of the "subject to the control" test. Second, contrary to Plaintiffs'

36.

representation, the "require" element of the "subject to the employer's control" test was front and center to the appeal. The *Alcantar* plaintiff argued that the time he spent driving the employer's vehicle constituted "work" specifically because any supposed "choice" to drive the vehicle was illusory (because leaving the vehicle at the employer's unsecured lot could subject the employees to liability for any stolen tools) and thus he was effectively "required" to commute in the employer's vehicles. *See id.* Finally, Plaintiffs' argument that a statement of the law made by an appellate court, regardless of whether it was argued, is not precedential is simply wrong.[5] It would be illogical to conclude that no one could rely on any of this Court's statements of law without first consulting the appellate briefs.

In *Stevens v. GCS Service, Inc.*, 281 Fed. Appx. 670, 671-72 (9th Cir. 2008), this Court in an unpublished decision applied the "subject to the employer's control" test to a scenario that was factually opposite to the one in *Alcantar*, and it reached an opposite conclusion. In *Stevens,* there was no question the employer

---

[5] Plaintiffs argue *Local 144 Nursing Home Pension Fund v. Demisay*, 508 U.S. 581, 592 n. 5 (1993), stands for the proposition that statements of law in an appellate decision that were not argued cannot be precedential. In fact, the *Nursing Home* court was only addressing "*dicta*" that had been "uninvited, unargued, and unnecessary to the Court's holdings." *See id.* (emphasis supplied). Likewise, in *United States v. Pinjuv*, 218 F. 3d 1125, 1129 (9th Cir. 2000), this Court held only that "[w]e are not bound by dicta in decisions from our court or any other circuit."

37.

*required* its drivers to commute to and from work in company vans. Unlike *Alcantar*, this Court focused on the level of *control* exercised by the employer when the employee was commuting. "While Stevens and his co-plaintiffs *were not permitted a choice of transportation*, they were given the freedom to decide when to leave for work and which route to take." *Id.* at 672 (emphasis supplied). The plaintiff also admitted that he could use the van for personal purposes, *e.g.,* "to drop his grandson off at daycare, visit with friends, meet with his attorney, and attend union meetings." *Id.* Consequently, this Court held the "*requirement* that Stevens drive a [company] van to and from work *did not subject Stevens to [the employer's] control* during his commute" and, for that reason, did not constitute "hours worked." *Id.* (emphasis supplied).

> **d.** **District Courts Have Also Held That, Under *Morillion*, The "Subject To The Control" Test Cannot Be Satisfied If Employees May "Choose" Whether To Subject Themselves To An Activity.**

District courts in the Ninth Circuit have likewise followed *Morillion* regarding the application of the "subject to the employer's control" test. This further confirms that the district court in this case correctly applied that test.

In *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1212 (C.D. Cal. 2009), the employer *required all employees* to go through mandatory security

38.

screenings of their bodies (akin to a TSA check at an airport) both before and after their shifts. Because there were up to approximately 600 workers every day at the facility, the workers claimed they had to arrive early to clock in on time, as they had to wait in the security line, pass through security and into the building, and then wait inside until their scheduled shift started. Plaintiffs contended all of this time should be considered "hours worked." *See id.* at 1215.

The employer conceded that its employees were required to participate in the screening, but argued that it did not exercise the requisite control over its workers because they could engage in limited personal activities while waiting. The district court found the employees could not use their time effectively for their own purposes, and the employer "control[led] Plaintiffs from the moment they enter[ed] the security line." *See Cervantez*, 618 F. Supp. 2d at 1615. Again, the *Cervantez* court confirmed that whether participation in the screening constituted "hours worked" depended on whether the screening was required: "Applying *Vega* here, *the distinguishing factor is obvious: employee choice.*" *Id.* at 1216 (emphasis supplied). Whereas the *Vega* plaintiffs had the choice of whether to use the employer's transportation, "[b]y contrast, *Plaintiffs here have no choice*; instead, they must submit to security screening and ensuing delay before every shift." *Id.* The *Cervantez* court found that because the

39.

employer had a *mandatory* policy that *all* employees had to pass through a security screening (which the employer claimed was for safety reasons), they had no "choice," and the time under the control of their employer when screening counted as "hours worked." *See id.* at 1018. In contrast, Apple's employees were not subjected to a TSA style screening every time they left the store. They could choose not to subject themselves to checks simply by not bringing bags or personal Apple technology into the store.

In *Novoa v. Charter Communications, LLC*, 100 F. Supp. 3d 1013, 1016 (E.D. Cal. 2015), the defendant's policy allowed employees to drive company vehicles home each night rather than leave them at one of the defendant's facilities. If the employees took the company vehicles home with them, the defendant prohibited them from any personal use of the vehicle, such as transporting family members or friends, or even using their cell phones. *See id.* Plaintiff sued on a theory that his commute time was compensable because of the *control* the company exerted over him while driving company vehicles. The district court rejected that claim because the employee could choose whether to subject himself to the employer's control:

> Because of Plaintiff's election to keep a company vehicle at his home he had to comply with Defendant's Vehicle Policy. *Despite the restrictions that Defendant placed on Plaintiff's use of the company vehicle,* its use to commute

40.

> directly to the first job assignment was *voluntary.  The use of the vehicle to commute to and from home was not compensable*.

*Id.* at 2021 (emphasis added).

The two-element application of the "subject to the control" test was likewise used in *Scott-George v. PVH Corp.*, 2016 U.S. Dist. LEXIS 96208, *22-32 (E.D. Cal. Jul 22, 2016), which also concerned the compensability of time employees spent participating in bag checks.  Following the analysis from the above cases, the *Scott-George* court held that to succeed on a control theory of liability, the party had to "prove two different elements," one being the activity must be mandatory and not optional for the employee ("require"), and the other being the employer restraint on the employee's action during that activity ("control").  The *Scott-George* court concluded the "California Court of Appeal and federal courts hold that when employees exercise an option offered by their employer, they are not subject to the control of the employer."  *Id.* at *26. Applying this holding to the facts, the *Scott-George* court held that because employees were given a choice whether to take a bag to work, "[t]here is no real dispute as to the genuine nature of Plaintiffs' freedom to choose to avoid

41.

searches," and it granted the defendant summary judgment on this claim.[6]  *See id.* at *31.

> ### 2. The *Morillion* Framework Is Not Limited To "Commute" Cases.

Plaintiffs argue the district court erred by relying on cases involving commute time – *Morillion*, *Overton*, *Alcantar* and *Novoa* – which they contend "are factually and legally distinguishable from this case."  *See* O.B. 42-45. Plaintiffs claim that commute cases concern time before and after the work day, away from the workplace, whereas bag and personal Apple technology checks take place at the workplace throughout the day.  *See* O.B. 43-45.  Plaintiffs provide no reason the "required" and "control" elements of the "subject to the control" test would apply only to commute cases.  Nothing in the decisions themselves, or any other decision, has so indicated.

---

[6] Plaintiffs cite *Betancourt*, 2014 U.S. Dist. LEXIS 123504 at *12, *16-17, (N.D. Cal. Oct. 16, 2009) as an example where a court applied *Morillion* without a finding of the "required" element of the "subject to the control" test.  *See* O.B. 36. In that case, employees of a temporary staffing agency claimed the time they spent interviewing for temporary job assignments was compensable.  In this respect, however, the interviews were "required," and not voluntary, because the employees were employed for the purpose of interviewing for and obtaining temporary job assignments.  Thus, the employee could be punished for not interviewing.  Likewise, the court found the employee was "controlled" throughout the process.  *See id.* at *16-17.  Because both the required and control elements were present, the interview time was compensable.

42.

In fact, the two-part test from *Morillion* has been in applied in non-commute cases as well. In *Watterson v. Garfield Beach CVS LLC,* 120 F. Supp. 3d 1003, 1006 (N.D. Cal. 2015), the district court applied the same *Morillion* "subject to the control" test to an employee who claimed she should be compensated for the time she spent undergoing annual health screenings and wellness reviews because failure to do these things would subject her to higher premiums if she decided to obtain optional health insurance provided by her employer. The district court held that because plaintiff's time spent participating in the health screenings and wellness reviews was voluntary, she failed the "required" element of the test, and the time she took for the screenings and reviews was not compensable. *See id*. Likewise, in *Cervantez*, another district court applied the *Morillion* two-element test to another *non-commuting case* in finding that because the security screening was *mandatory* for all employees, time spent in connection with screening constituted "hours worked." *See Cervantez*, 618 F. Supp. 2d at 1212. Finally, in *Scott-George*, another district court applied the same *Morillion* two-element test to yet another *non-commuting case*, finding bag checks not to be compensable. *See Scott-George*, 2016 U.S. Dist. LEXIS 96208 at \*22-32 (clothes retailer not liable for time employees participated in bag checks when employees were "given the choice as to whether to take a bag to work").

43.

**3.     The Stipulated Facts Preclude Plaintiffs From Satisfying The "Required" Element.**

Plaintiffs argue that they satisfy the "required" element of the "subject to the control" test because Plaintiffs were "required to choose between" leaving all bags and personal Apple technology at home or participating in a bag or technology check.  Plaintiffs characterized this decision as a "Hobson's 'choice'" of either being inconvenienced by leaving the bags and personal Apple technology behind or being inconvenienced by the bag and technology check.  *See* O.B. 45-46. Plaintiffs and class members are foreclosed from advancing this argument because they expressly agreed to litigate their class claims "exclusively on the theory that all class members voluntarily chose to bring bags and/or personal Apple technology to work purely for personal convenience."  They cannot avoid that agreement now.  *See* SER 5.

In any case, existence of "convenience" has been deemed irrelevant to whether an activity constitutes work.  For instance, in *Vega*, the court found that the time employees spent in the employer's vehicles during the commute was not "hours worked" because they were *not* required to use the employer's vehicles, notwithstanding the inconvenience of alternative transportation options.  *See Vega*, 36 F. 3d at 425.  Likewise, in *Overton,* choosing to commute to work in something other a personal vehicle may have been inconvenient, but the Court of Appeal

44.

found the fact ten percent of the employees did not drive, "...proves that parking in the Katella lot and riding the shuttle were not mandatory for all employees who checked in at Harbor Pointe." *See Overton*, 135 Cal. App. 4th at 271. Indeed, in *every* case where the employee has a *choice* to avoid the alleged "required" activity, the courts have held the "subject to the control of an employer" test for "hours worked" cannot be met. *See, e.g., Morillion*, 22 Cal. 2d at 594 (optional, non-required employer busing not "hours worked"); *Alcantar*, 800 F. 3d at 1054-55 (to prevail, plaintiff must show use of service vehicle was "mandatory"); *Cervantez*, 618 F. Supp. 2d at 1615 ("the distinguishing factor is obvious: employee choice").

**B.**   **The District Court's Decision Should Be Affirmed Because Bag And Technology Check Time Does Not Constitute "Work" Under The "Suffered Or Permitted To Work" Test.**

Besides the "subject to the control of an employer" test for "hours worked," Subsection 2(G) of Wage Order 7 also provides that "hours worked" includes "all the time the employee is suffered or permitted to work, whether or not required to do so." *See, e.g.,* Cal. Code Regs. tit. 8, § 11070. The district court, citing the California Supreme Court's decision in *Martinez v. Combs*, 49 Cal. 4th 35, 69 (2010), held the "touchstone" of the "suffered or permitted to work" test is the "failure to prevent *work*" itself. Here, Plaintiffs were not engaged in "work"

45.

when their bags or personal Apple technology were checked. *See id.* "Apple's searches had no relationship to plaintiffs' job responsibilities; they were peripheral activities relating to Apple's theft policies." ER 20:8-12. The district court also held Plaintiffs "did not *work* during that time" because they were "passively await[ing] as their managers or security guards conducted the searches." *See id.* (emphasis in original).

Plaintiffs argue they were engaged in "work" because: (1) the checks involved "exertion" that benefited Apple; (2) under California law, "work" does not have to be active; (3) the district court improperly applied a federal standard; and (4) there are disputed material facts regarding Plaintiffs' "work." Yet Plaintiffs fail to cite to *any* case supporting their argument that their participation in bag and technology checks constitutes "work" under the "suffered or permitted to work" test of "hours worked." Whatever else Plaintiffs were (or were not) doing when their bag or personal Apple technology was being checked, they were not engaged in "work" under any definition, and the district court's decision should be affirmed.

### 1. Plaintiffs' Submission To Bag And Technology Checks Does Not Constitute "Hours Worked" Under The "Suffered Or Permitted To Work" Test Because It Is Not "Work."

Each of the tests for "hours worked" has a different focus. *See*

46.

*Morillion*, 22 Cal. 4th at 582. The "subject to the control of an employer" test for "hours worked" seeks to capture all time an employee *must* engage in an activity that is both *required* and *controlled* by the employer, even if it does not fit within the traditional definition of what constitutes "work." The "suffer and permit" standard examines whether the employer allowed the employee to engage in such "work" without compensation.

The California Supreme Court has provided specific examples of when the "suffered or permitted to work" test would apply. For instance, "suffered or permitted to work" time could "include *work such as unauthorized overtime*, which the employer has not requested or required," or where an employee *continues to work after the end of the shift* with the employer's knowledge. *See Morillion*, 22 Cal. 4th at 584-85 (emphasis supplied). Likewise, the California Supreme Court has held that "[a] proprietor who knows that *persons are working* in his or her business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that *work* by failing to prevent it, while having the power to do so." *Id.* at 69 (emphasis supplied).

As discussed above in Section VII.A., Plaintiffs cannot show they were "working" when they participated in checks because class members were not required to engage in that activity, and thus the activity does not constitute "work"

47.

under the "subject to the employer's control" test. This Court has held that, under California law, employees had to "be engaged in *work-related* tasks or exertion in addition to mere transportation of themselves and their tools and equipment in order to be compensated for being 'suffered or permitted to work.'" *See Stevens,* 281 Fed. Appx. at 672 (emphasis supplied). Thus, time spent by an employee answering employer-initiated calls to discuss work while driving a van could count as "work" under the "suffered or permitted to work" test. *See id.* at 673. Likewise, interviews performed by a temporary worker were "work" under the "suffered or permitted to work" test when the worker was already an employee of the staffing agency and was required by the staffing agency to participate in interviews, the staffing agency directed the worker how to prepare for the interviews, and the staffing agency debriefed the employee following the interviews. *See Betancourt*, 2014 U.S. Dist. LEXIS 123504 at *13 (the interview in question was "not a typical pre-employment interview" but "was part of his responsibility as [a staffing agency] employee"); *Sullivan v. Kelly Services, Inc.,* 2009 U.S. Dist. LEXIS 96544, *16 (N.D. Cal. Oct. 16, 2009).

By contrast, an employee who completed health screenings and wellness reviews only if she wanted to enroll in her employer's health insurance program and only if she wanted to pay a lower health insurance premium *was not*

48.

engaged in "work," because neither enrollment in the health insurance program nor paying a lower premium were required in the first place. *See Watterson v. Garfield Beach CVS LLC*, 2015 U.S. Dist. LEXIS 106233, *15-16 (N.D. Cal. Aug. 12, 2015). The same is true here. Employees voluntarily chose – based purely on personal convenience – whether to bring bags and personal Apple technology to work and thus whether to subject themselves to checks.

### 2. Each Of Plaintiffs' Arguments Under The "Suffered Or Permitted" Test Must Fail As A Matter Of Law.

#### a. Participating In Checks Does Not Constitute "Work" Because They Are Not Related To Plaintiffs' Duties, Regardless Of Any "Benefits" To Apple.

Plaintiffs argue they meet the "plain-language definition of 'work'" because, when they participate in bag or personal Apple technology checks, it involves "exertion" or "effort" to find a manager or supervisor, to open and close their bags, and to move contents around in their bags. Plaintiffs further argue the bag and personal Apple technology checks "attain an end," which is "confirming that employees who spent their shifts working with unsecured merchandise left all the merchandise behind," which they argue "benefits Apple by deterring and preventing theft, both present and future." O.B. 49-53; 57-58. Plaintiffs contentions are both wrong and irrelevant.

49.

An employee must "be engaged in *work-related* tasks or exertion" to constitute "work" under the "suffered or permitted to work" test. *See Stevens,* 281 Fed. Appx. at 672 (emphasis supplied). Apple does not require its employees to bring bags or personal Apple technology to the workplace, and it does not employ individuals for the purpose of participating in bag and technology checks. Indeed, Plaintiffs stipulated that they and the members of the class brought bags and personal Apple technology "voluntarily" and "purely for personal convenience." *See* SER 5. When Plaintiffs had their bags or personal Apple technology checked, they were not engaging either in *work-related* tasks or *work-related* exertion – they were simply satisfying a condition (participation in a check) for electing an optional benefit (the right to bring their bags and personal technology to work purely for their personal convenience). Indeed, the fact that many class members did not bring bags or personal Apple technology to work and, thus, did not participate in checks, yet were still fully capable of performing their jobs proves that participation in bag checks was not a job duty.

Plaintiffs argue the district court erred by holding they were not engaged in "work" when they had their bags checked because they were not conducting the checks but were passively being *checked*. O.B. 57. Plaintiffs cite to *Mendiola v. CPS Security Solutions, Inc.*, 60 Cal. 4th 833, 840-41 (2015), for the

50.

proposition that even "idleness" can constitute "work."  Plaintiffs confuse the difference between "work" under the "suffered or permitted to work" test, and "hours worked" under the "subject to the employer's control" test.  The California Supreme Court has been very clear that an employee who is "subject to the control" of an employer "does not have to be *working* during that time to be compensated."  *See Morillion*, 22 Cal. 4th at 582. Thus, if an employer requires an employee to ride the employer's bus and the employer controls the employee's activities while on the bus, the "require" and "control" elements make the time at issue "hours worked" under the "subject to the employer's control" test even if the employee is not performing any activity during the ride.

Thus, *Mendiola* is distinguishable on several grounds.  First, the *Mendiola* court analyzed whether "on-call" time – *i.e.*, time during which an employee is admittedly "required" by the employer to be available, but may not be sufficiently "controlled" by the employer to render the time compensable – constituted "hours worked." The instant case does not involve "on-call" time. Second, the *Mendiola* court analyzed whether the "on-call" time constituted "hours work" under the "subject to the employer's control" test.  It did not address the "suffered or permitted to work" test.  Third, the security guards in *Mendiola* claimed they were required to remain "on call" on the employer's premises.  *See*

51.

*Mendiola,* 60 Cal. 4th at 840-42. Here, stipulated facts confirm no class member was required to bring bags or personal Apple technology to work, and thus no class member was required to participate in checks. Fourth, the *Mendiola* court examined the extent to which the employer benefitted from the "on-call" time only in the context of assessing "control" under the "subject to the employer's control" test. It did not state that an activity could be deemed "work" merely because it primarily benefited the employer.[7] Finally, and conclusively, Plaintiffs stipulated that they brought bags or personal Apple technology to work "purely for personal convenience." "Purely" means "completely or only." *See* Merriam-Webster Online Dictionary (www.merriam-webster.com). Thus, Plaintiffs stipulated that their decision to bring bags and personal Apple technology, which thereby led to checks, benefited only them and not Apple. That stipulation was in line with reality, as Apple could have simply prohibited employees from bringing these items to work, and thus eliminated the checks altogether, rather than allow

_____

[7] In *Watterson*, as in the present case, plaintiff argued she conferred a benefit on her employer by completing health screenings and wellness reviews for her employer's optional health plan, because doing so helped to reduce her employer's costs, and therefore time spent going through the health screenings and wellness reviews should be considered "work." The *Watterson* court held, "Plaintiff cites no decision applying this 'primary benefit' test outside of the context of on-call or standby time, which undisputedly is not at issue in this case." *Watterson,* 2015 U.S. Dist. LEXIS 106233 at *11.

employees to bring bags or personal Apple technology to work purely for their personal convenience.

Plaintiffs cite to *Ghazaryan v. Diva Limousine,* 169 Cal. App. 4th 1524, 1535 (2008), for the proposition that if an employer exercises immediate control over an activity that benefits the employer, then the time must be compensated. *See* O.B. 50. Like *Mendiola*, *Ghazaryan* concerned whether "on call" time, in this case for limousine drivers, constituted "hours worked" under the "subject to the control" test. *See id.* The court did not make any findings on the merits but held that whether the employer's restrictions on the drivers' on-call time constituted "work" under the "subject to the control of an employer" test was a "common legal question" for class certification.[8] *See id.* at 1536. The court did not even analyze the facts under the "suffered or permitted to work" test. *See id.*

Moreover, none of the California Supreme Court's examples of what is covered by the "suffered or permitted to work" test is even remotely similar to Plaintiffs' situation here. For instance, Plaintiffs were not working *unauthorized*

---

[8] The *Ghazaryan* court found the employer's on-call policies barred drivers from using Diva's cars for personal use, required them to promptly respond to dispatch calls, required acceptance of assignments, required them to remain in uniform, and required them to clean and maintain the cars during their on-call time. *See Ghazaryan*, 169 Cal. App. 4th at 1536.

overtime, *i.e.,* making sales to Apple customer's without compensation. *See Morillion*, 22 Cal. 4th at 584-85. Nor were Plaintiffs selling to customers *after* their shift, which the employer could have prevented. *See id.* Nor were Plaintiffs making sales with Apple's knowledge without being formally hired. *See Martinez*, 49 Cal. 4th at 69. Nor were Plaintiffs anything like the temporary worker trained to interview, and who performed an employer-required activity by interviewing. *See Sullivan,* 2009 U.S. Dist. LEXIS 96544 at *16. Instead, Plaintiffs were like the employee in *Watterson*. As stated above in Section VII.A.2, the *Watterson* court held that time in health screenings and completing wellness reviews did not constitute "hours worked" under the "subject to the control" test. The *Watterson* plaintiff also argued that "she was 'suffered or permitted to work' because Defendant knew or should have known that she was working while completing the health screening and wellness review." *Watterson*, 2015 U.S. Dist. LEXIS 106233 at *15. The district court rejected plaintiff's argument that this qualified as "work" under California law because participation in the health screenings was not "work" in the first place. *See id.* So too here, participation in checks was not "work" in the first place because those employees who chose to bring bags and personal Apple technology to work did so "voluntarily" and "purely for personal convenience."

As with the plaintiff in *Watterson*, Plaintiffs want the time to satisfy a condition (undergoing a check) of an optional benefit (being allowed to bring bags and personal Apple technology to work) to be classified as hours worked. That Apple put a condition (the check) on an optional benefit (brining bags and personal Apple technology to work) does not convert the bag-check time into "work" under the "suffered or permitted to work" test. There is no basis under the "suffered or permitted to work" test, or any other test, for claiming that time spent fulfilling a condition to receive an optional benefit constitutes "work." *See Waterson*, 2015 U.S. Dist. LEXIS 106233 at *15. The district court's decision should be affirmed.

### b. Plaintiffs' Other Arguments Concerning The "Suffered Or Permitted" Test Must Also Fail.

Plaintiffs argue the court erred by using a federal standard to find the bag and personal Apple technology checks to be "peripheral activities" with "no relationship to plaintiffs' job responsibilities." O.B. 54. But the court expressly stated that it was *not* relying on federal law in deciding that undergoing bag and personal Apple technology checks did not constitute "work" under the "suffered or permitted to work" test. ER 21:1-7. Moreover, Plaintiffs cannot demonstrate how the court *relied* on federal law different from California law in its decision granting Apple's motion for summary judgment. *See* O.B. 54-56. Under California law, an activity that an employee performs *voluntarily* and *purely* for personal convenience

55.

simply cannot constitute "work." *See* SER 5. In this regard, Plaintiffs can no more demand wages for their own personal convenience of bringing their bags and personal Apple technology to the store than the plaintiff in *Waterson* could demand wages for her own personal convenience of enrolling in her employer's health insurance plan and subjecting herself to health screenings to lower her premiums. *See Waterson*, 2015 U.S. Dist. LEXIS 106233 at *15.

Plaintiffs finally argue that the district court made a number of factual findings on disputed evidence concerning whether Plaintiffs "passively awaited" and "endured" the checks, and whether the checks were "peripheral" to Plaintiffs' job responsibilities. *See* O.B. 58. Yet, as discussed above, none of these alleged findings impact whether Plaintiffs have a claim for "hours worked" under the "suffered or permitted" test. Quite simply, Plaintiffs, when participating in bag or personal Apple technology checks were not engaged in any duty that was remotely related to the duties for which they were hired, regardless of whether they were "passively awaited" checks or whether they "endured" them. *See Stevens,* 281 Fed. Appx. at 672 (employees had to "be engaged in work-related tasks . . . in order to be compensated for being 'suffered or permitted to work'"). Moreover, Plaintiffs stipulated to outcome-determinative facts. They stipulated that they brought bags and personal Apple technology into the store voluntarily and *purely*

56.

for their *own personal convenience*. *See* SER 5. As such, Plaintiffs can no more complain about the time they spend on bag and technology checks than the plaintiff in *Waterson* could complain about the time she spent going through health screenings to lower her premiums. *See Waterson*, 2015 U.S. Dist. LEXIS 106233 at *15. Neither constitutes "work" under the "suffered and permitted" test. The district court decision should be affirmed.

### C. The California Supreme Court Has Already Definitively Ruled On The Issues Before This Court.

Plaintiffs ask this Court to send the "questions presented by this appeal" to the California Supreme Court. *See* O.B. 21; *see also id.* at 5. The Court should deny this request because, as discussed above in Sections VII.A and VII.B, *Morillion* is already controlling California Supreme Court precedent on the issue of the "subject to the control of an employer" test, and both *Morillion* and *Martinez* are controlling precedent on the issue of the "suffered or permitted to work" test. *See Morillion*, 22 Cal. 4th at 582; *Martinez*, 49 Cal. 4th at 69-70.

This Court does not certify questions to the California Supreme Court when there is already controlling state law precedent on the legal issues sought to be certified. *See, e.g., Fields v. Legacy Health System*, 413 F. 3d 493, 458 (9th Cir. 2005) (declining request to certify question because "controlling precedent" is available). The California Supreme Court in *Morillion* held the "subject to the

57.

control" test has two elements, a "require" element and a "control" element. *See Morillion*, 22 Cal. 4th at 587. This Court, in interpreting *Morillion*, also concluded that under the "subject to the control" test an employee had to prove the restrictions on the activity "are such that he is under [the employer's] control," and the activity was "required." *See Alcantar*, 800 F. 3d at 1054-55. Plaintiffs argue this issue should be certified to the California Supreme Court because they believe *Alcantar* misinterpreted *Morillion* in its holding. *See* O.B. 41. Yet, no court has even suggested this to be the case. Plaintiffs also argue that because the district court cited an unpublished state appellate decision, where the dissent disagreed with the majority's interpretation of *Morillion* (although not about the "require" and "control" elements), this demonstrates "the need for Supreme Court direction," neglecting to inform this Court that the California Supreme Court has already denied review of that decision. *See Amalgamated Transit Union, Local 1589 v. Long Beach Pub. Trans. Co.*, 2009 Cal. App. Unpub. LEXIS 3669 (Cal. App. May 11, 2009), *rev. den.* 2009 Cal. LEXIS 8257 (Aug. 12, 2009); O.B. 41.

With respect to the "suffered or permitted to work" test, the California Supreme Court in both *Morillion* and *Martinez* limited the test to situations where actual "work" was being performed but was not being compensated. *See Morillion*, 22 Cal. 4th at 584-85; *Martinez,* 49 Cal. 4th at 69-70. In *Stevens,* this

58.

Court followed this interpretation of "work" in applying the "suffered or permitted to work" test.  *See Stevens,* 281 Fed. Appx. at 672-73 ("work-related tasks or exertions").  Plaintiffs do not even attempt to explain how an employee's decision to bring bags or personal Apple technology to work, and thus to subject him/herself to checks – "purely for personal convenience" – could possibly constitute "work."  In summary, there are no "unresolved" questions of California law for the California Supreme Court to address.

## VIII. CONCLUSION

For an activity to constitute "hours worked" under the "subject to the control of an employer" test, the California Supreme Court, California Court of Appeal, the Ninth Circuit and the California district courts all agree that an employee must show the employer "required" the employee to engage in the activity that led to the event during which the employee was subject to the employer's "control," and that the employer sufficiently "controlled" the employee in that activity.  Courts are unanimous in holding that the existence of "choice" negates the "required" element of the test, foreclosing a finding that the activity constitutes "hours worked."  Because Plaintiffs agreed to litigate this action on the stipulated facts that class members brought bags and personal Apple technology into the workplace voluntarily and purely for their own convenience, they cannot

59.

establish the "required" element of the "subject to the control" test. As a matter of law, the time Plaintiffs spent undergoing a bag and technology check does not constitute "hours worked" under that test.

Courts are unanimous that, under the "suffered or permitted to work" test, the employee must be engaged in actual "work" in the first place. Plaintiffs here were not hired to go through bag and technology checks, and the time they spent going through such checks therefore did not constitute work under the "suffered or permitted to work" test, or any other test of "work," as a matter of law.

For these reasons, this Court should affirm the district court's grant of summary judgment.

Dated: September 26, 2016        /s/ Richard H. Rahm
                                 RICHARD H. RAHM
                                 LITTLER MENDELSON, P.C.

                                 Attorneys for Defendant-Appellee
                                 APPLE INC.

## <u>STATEMENT OF RELATED CASES</u>

### <u>Ninth Circuit Rule 28-2.6</u>

Under Ninth Circuit Rule 28-2.6, Apple is unaware of any related cases in this Court.

Dated: September 26, 2016

/s/ Richard H. Rahm
RICHARD H. RAHM
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

Attorneys for Defendant-Appellee
APPLE INC.

## **CERTIFICATE OF COMPLIANCE**

### **Fed. R. App. P. 32(a)(7)(C)**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 13,757 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 14 point, Times New Roman type style font.

Dated: September 26, 2016

/s/ Richard H. Rahm
RICHARD H. RAHM
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940

Attorneys for Defendant-Appellee
APPLE INC.

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 26, 2016.

Participants in the case registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some participants are not registered CM/ECF users. I have mailed the foregoing document:

## DEFENDANT-APPELLEE'S OPENING BRIEF

by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to these non-cm/ECF participants:

| | |
|---|---|
| *Attorneys for Plaintiffs,* | *Attorneys for Plaintiffs,* |
| Hon. William Alsup<br>United States District Court<br>Northern District Of California | |

Dated: September 26, 2016       *s/Michelle Ayala*

Firmwide:141931337.13 074600.1003